Dear Mr. Moresi:
This office is in receipt of your opinion request in which you ask:
First, which entity would prevail if a parish Library Board of Control decides to acquire a tract of land for a new library and the parish Police Jury disagrees with the site selection? May the Police Jury direct the Library Board of Control to purchase an alternate site?
Second, if a question arises regarding the price to be paid for the property, may the Police Jury direct the Library Board of Control to obtain an alternate appraisal or direct that it not pay more than a certain price?
Finally, does the District attorney act as legal counsel for the Library Board of Control since it was created by and its members appointed by the Police Jury?
LSA-R.S. 25:211 empowers the governing authority of a parish, of its own initiative, to create, establish, equip, maintain, operate, and support public libraries. As a matter of clarification, the governing authority of a parish, if organized under the police jury system of government, is the Police Jury. LSA-R.S. 33:1221. It is further noted that Article VI, Section 15
of the Louisiana Constitution vests the governing authority of a local governmental subdivision, parish or municipality, with general power over any agency created by it. A parish library board of control is such an agency of the parish. Atty. Gen. Op. No. 83-766.
A public library is created by ordinance regularly passed and adopted by the Police Jury of the parish as its governing authority. LSA-R.S. 25:212. As governing authority of the parish the Police Jury shall, in the ordinance creating the public library, appoint individuals to serve as a board of control for such public library. LSA-R.S. 25:214. The duties and powers of this board are set forth in LSA-R.S. 25:215 and provide the board of control with authority to establish rules and regulations for its own government and that of the library as well as the selection and employment of certain personnel.
Of particular concern to your inquiry is LSA-R.S. 25:213, which states that the governing authority of a parish may, for the purpose of acquiring sites or erecting buildings thereon or additions thereto, issue bonds or levy special taxes. The governing authority may also issue negotiable bonds and thereafter levy and collect taxes to pay and retire said negotiable bonds where voter approval has been given.
In summation of the foregoing statutory laws and opinions, we submit the following analysis.
Under the police jury system of government, the governing authority of a parish is the Police Jury. As governing authority, it is the Police Jury that is given power to create and establish a public library by ordinance and provide for its maintenance, equipment, operation and support. The governance of the library is vested in individuals who serve as a board of control that establishes rules and regulations for its own government and that of the library. This board of control is an agency of the parish, created by the governing authority pursuant to legislative authority granted for the purpose of operating and administering the parish library system on behalf of the Police Jury. As an agency of the parish, created by and under authority of the Police Jury, the board of control has no powers independent of those prescribed by statute. Furthermore, it is not granted such other powers usually associated with political subdivisions including, by way of illustration, the power to sue and be sued, the power to incur debt and issue bonds, the power to contract, the power to levy taxes, or the power to adopt ordinances. Atty. Gen. Op. No. 83-766.
Finally, it is the Police Jury, as governing authority, who holds the responsibility of procuring funds for the purchase of property and for the erection of buildings thereon. By implication, the authority to select and acquire property rests with the Police Jury and not the Library Board of Control, an agency created by the Police Jury. Additionally, LSA-Const. Art. VI, Section 15 provides that the governing authority of a local governmental subdivision, as is the Police Jury, has general power over any agency created by it. With respect to the above, it is the opinion of this office that the Police Jury is the appropriate entity to acquire property and contract for the erection of buildings for library use. Any issues arising with regard to the appraisal, or purchase price of prospective property would, likewise, be resolved by the Police Jury as governing authority of the parish.
Lastly, you have requested an opinion as to whether the District Attorney serves as legal counsel for the Library Board of Control in view of the fact that it is created by, and its members appointed by, the Police Jury.
LSA-R.S. 16:2 provides insight into this query wherein it states that "the district attorneys of the several judicial districts of Louisiana, other than the parish of Orleans, shallex officio be the regular attorneys and counsel for the policejuries, parish school boards, and city school boards within their respective districts and of every state board or commission domiciled therein, including levee boards, hospital and asylum boards, and all state boards or commissions the members of which, in whole or in part, are elected by the people or appointed by the governor or other prescribed authority, except state boards and commissions domiciled at the city of Baton Rouge, parish of East Baton Rouge, and all boards in charge or in control of state institutions."(Emphasis added)
As discussed previously, the Library Board of Control is an agency of the parish, created by the parish governing authority that is the Police Jury. Because the district attorney is the regular attorney and counsel for the Police Jury, the duty and authority for legal representation extends to creations of the Police Jury such as the Library Board of Control.
It should be noted that, except as provided in LSA-R.S.42:263, it is unlawful for any governmental entity subject to theex officio legal representation of the district attorney to retain or employ private counsel. LSA-R.S. 42:261(D)(1)
LSA-R.S. 42:263 permits retainment and employment of private counsel only in necessitous circumstances, made to appear by a resolution thereof stating fully the reason for the action and the compensation to be paid. The resolution then shall be subject to the approval of the attorney general and, if approved by him, shall be spread upon the minutes of the body and published in the official journal of the parish.
We hope this sufficiently addresses your concerns. If our office may be of further assistance, please feel free to contact us.
With kindest personal regards, I am
Sincerely,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: Kevin L. Hanchey
Assistant Attorney General
RPI/KLH/tp